IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07cr256-MHT |
| | ) | [wo] |
| HOWARD JAMES SMITH | ) | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a detention hearing on February 12, 2008, pursuant to the Government's *Motion for Detention*. Based upon due consideration of all relevant evidence, the court detains Smith  pending a final revocation hearing by the District Judge.

### Part I -- Findings of Fact

The record in this case establishes Smith was indicted by a grand jury for the Middle District of Alabama for violating 21 U.S.C. §841 (a)(1).  If convicted, Smith would be sentenced to a term of imprisonment of ten or more years.  The United States' *Motion for Detention* raised the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community if Smith were released.  *See* 18 U.S.C. §§ 3142(e), (f)(1)(C).  The Court finds no condition or combination of conditions will reasonably assure the safety of the community.

### Part II - Written Statement of Reasons for Detention

The testimony before the Court establishes that on November 18, 2005, a confidential

informant working for the High Intensity Drug Trafficking Area (HIDTA) for the Middle District of Alabama purchased 50 grams or more of cocaine base or "crack" cocaine from Smith. This offense carries a minimum prison term of ten years, and thus raises a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *See* 21 U.S.C. §841(b), 18 U.S.C. §§ 3142(e), (f)(1)(C).

Testimony during the detention hearing showed Smith was previously convicted for marijuana distribution, has a history of schizophrenia, and has not been gainfully employed for fourteen years. Smith told the U.S. Probation Officer he had not taken his prescribed medication for several months. The probation officer also confirmed Smith's involvement in various incidents involving firearms. The narcotics transaction alleged in the instant indictment took place shortly after Smith completed probation for his previous drug trafficking conviction. The Court finds Smith was likely engaged in trafficking narcotics while on probation, and his admitted refusal to take his prescribed medications for a serious mental illness poses a danger to the community if released pending trial.

After having duly considered all the evidence, the nature and circumstances of the offense charged, the weight of the evidence against the defendant and his history. The Court concludes there are no conditions or combination of conditions for release which will reasonably assure the safety of any other person and the community and which will ensure the safety of the community. Therefore, the Court finds that the defendant should be

detained.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 13th day of February, 2008.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE