IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07CR256-MHT |
| | ) | |
| HOWARD JAMES SMITH | ) | |

### RENEWED MOTION FOR MENTAL COMPETENCY EXAMINATION AND MOTION TO SEAL EXHIBIT A

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully renews its motion requesting that this Honorable Court enter an order directing the United States Marshal of the Middle District of Alabama to take the above-named defendant into custody and to remove him to the custody of the Warden of the Medical Center for Federal Prisoners, Springfield, Missouri, or such other facility designated by the Federal Bureau of Prisons, or such other federal institution as the Court deems appropriate, for the purpose of being observed and examined by one or more qualified psychiatrists or psychologists, pursuant to 18 U.S.C. §§ 4241(a) and 4247.

In support of its motion, the United States respectfully states as follows:

1. On or about February 12, 2008, the United States received medical records (from Defendant's counsel Attorney Susan James) relating to Defendant, Howard Smith. These records seem to indicate that Mr. Smith has previously been diagnosed as "mildly

retarded" or suffering from "psychotic symptoms". The records purport to be from the Montgomery Area Mental Health Authority; however, the most recent records appear to be from 2001. During a detention hearing held on February 12, 2008, evidence was elicited that Mr. Smith currently suffers from paranoid schizophrenia and has not been properly followed by medical professionals. Based upon a review of these records, the United States has concerns about any further proceedings and Smith's ability to understand the nature of the proceedings against him.

    2. On March 11, 2008, the United States received a Psychological Evaluation report on Howard Smith from Dr. Guy Renfro, Ph.D.[1] According to Dr. Renfro, Defendant Smith may be malingering. However, according to Dr. Renfro's report, **"Mr. Smith's presentation does not allow for an accurate presentation of his true level of intellectual functioning or the degree to which he may experience some psychological factors."** See Psychological Evaluation P. 8. Furthermore, Dr. Renfro's direct evaluation of Smith " . . . took place in a small interview room at the Montgomery City Jail which did not afford much in the way of privacy or comfort." See Psychological Evaluation P. 2. Essentially, Dr. Renfro's report is inconclusive regarding Smith's ultimate ability to understand the nature of the charges against him and whether he is able to assist in his own defense.

---

    [1]See Exhibit "A" attached under seal.

3.  Considering the nature of the charges against Smith, the United States respectfully request that Smith be evaluated by the United States Bureau of Prisons where he can be evaluated in a controlled environment and in a setting designed to provide medical professionals the best opportunity to assess a defendant's medical/mental capabilities.  Should Smith be convicted of the charges against him without an optimal psychological evaluation finally establishing his competency to stand trial, both the United States and the Court may revisit this issue post-conviction. Although trial of this matter is currently set for April 9, 2008, if Smith has willfully failed to assist, or actually hindered, a determination of his own competency to stand trial, the United States should not be prejudiced by his subterfuge now, or post-conviction.

4.  Considering the aforementioned, the United States files the instant motion pursuant to 18 U.S.C. § 4241(a), which provides as follows:

> **Motion to determine mental competency of defendant** - At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.  The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist

properly in his defense.

18 U.S.C. § 4241(a).

5. Title 18, United States Code, Section 4247 sets forth, in relevant part, that:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court....For the purposes of an examination pursuant to an order...under section 4241(a), 4244 and 4245, [the court may commit the person to be examined] for a reasonable period, but not to exceed thirty days, to the custody of the Attorney General for placement in a suitable facility.

18 U.S.C. § 4247(b).

Accordingly, the United States respectfully requests that a psychiatric or psychological examination of the defendant be conducted, pursuant to 18 U.S.C. § 4241(a), and that a psychiatric or psychological report be prepared, pursuant to 18 U.S.C. § 4247(c), said report specifically to include a determination as to "whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4247(c)(4)(A).

For the foregoing reasons, the United States respectfully requests that this Court enter an order, pursuant to 18 U.S.C. §§ 4241(a)and 4247, directing that the United States Marshal for

the Middle District of Alabama take the defendant into custody and that the defendant be placed in a suitable facility for the purposes of being observed and examined, for a reasonable period of time, not to exceed thirty days from the date of defendant's arrival at the designated facility.

The United States further requests that the Psychological Evaluation report attached as Exhibit A be sealed.

Respectfully submitted this the 12th day of March, 2008.

                                 LEURA G. CANARY
                                 UNITED STATES ATTORNEY

                                 VERNE H. SPEIRS
                                 One Court Street
                                 Montgomery, Alabama 36104
                                 Phone: (334) 223-7280
                                 FAX: (334) 223-7135
                                 verne.speirs@usdoj.gov

```
        IN THE DISTRICT COURT OF THE UNITED STATES
          FOR THE MIDDLE DISTRICT OF ALABAMA
                    EASTERN DIVISION
```

UNITED STATES OF AMERICA    )
                            )
        v.                  )    CR. NO. 3:07cr256-MHT
                            )
HOWARD JAMES SMITH          )

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2008, I filed the foregoing with the Clerk of the Court, that I have mailed by United States Postal Service the document to the following: Susan James.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

VERNE H. SPEIRS
One Court Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
FAX: (334) 223-7135
verne.speirs@usdoj.gov