IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07CR256-MHT |
| | ) | |
| HOWARD JAMES SMITH | ) | |

PROFFER OF AND NOTICE
OF INTENT TO USE 404(b) EVIDENCE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and notices its intent to introduce evidence of other crimes, wrongs, and acts committed by the defendant, Howard James Smith. The below-listed act meets the standard set forth in United States v. Beechum, 582 F.2d 898 (5th Cir. 1978). As grounds, the United States sets forth the extrinsic evidence and the law as follows:

THE ACTS

Howard James Smith is currently charged with possession with intent to distribute 50 grams or more of "crack cocaine". Consequently, at the trial of this case, the government intends to offer evidence of Smith's unexplained wealth and Social Security fraud. Specifically, Howard Smith has been receiving Title 16 Social Security benefits since 1992.[1] The government expects to present evidence establishing that Smith lives in a $387,000.00 home in Montgomery, Alabama, that he shares with his wife and two children. According to the Social Security Administration, Howard Smith

---

[1] According to the Social Security Administration, Smith's only source of income is $944.00 per month to support himself and his family (wife and two children).

has never reported, as required, any source of income from any legitimate job, any inheritance, any insurance proceeds, or winnings of any type. The proffered evidence is intended to establish Smith's opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident regarding his drug trafficking activities. Specifically, Smith's Social Security fraud is essential to his intent, plan and preparation to obfuscate the true source of his unexplained wealth, drug trafficking.

## THE RULE

Rule 404(b), Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Such evidence is not admitted automatically; the trial court must determine whether the probative value of such evidence is outweighed by the danger of unfair prejudice. Furthermore, the standard of admissibility varies depending upon the purpose for which the evidence is offered. For example, other acts may be admissible for one purpose (such as intent), but may not meet the standard of admissibility if offered for another purpose (such as identity). United States v. Beechum, 582 F.2d 989 (5th Cir. 1978).

## INTENT

The en banc decision United States v. Beechum, 582 F.2d 898 (5th Cir. 1978), sets forth the requirements for admissibility of other acts evidence in the Fifth and Eleventh Circuits. A two-step analysis is used to determine admissibility:

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

Beechum, at 911. This two-part analysis involves several separate inquiries, both into the issue sought to be proved and into the nature of the extrinsic offense evidence offered.

The standard set forth in Beechum has been developed further in the Eleventh Circuit's decision in United States v. Simon, 839 F.2d 1461, 1471 (11th Cir.) cert. denied, 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988). Under Simon, the government is required to demonstrate:

> (1) a proper purpose for introducing the evidence, (2) that the prior act occurred and that the defendant was the actor, and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have.

Simon, as cited in United States v. Perez-Garcia, No. 88-6159, slip op. at 3627, 3638 (11th Cir. July 10, 1990). Except for the second element listed in Simon, the Simon elements are identical to the elements set forth in Beechum. A close examination of Beechum and Simon reveals that the first two elements of Simon are simply a more detailed breakdown of the first element of Beechum.

Under Beechum and Simon, the first inquiry is into relevancy. Relevancy is defined as "'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Beechum, at 911. Initially, then, the question is whether opportunity,

intent, preparation, plan, knowledge, identity, or absence of mistake or accident is a relevent issue.

Based upon information and belief, the United States expects the defendant to argue that he has never trafficked in, or possessed, any controlled substances. Indeed, the United States expects defendant to argue that he has been mistakenly accused. Consequently, defendant's Social Security fraud and unexplained wealth is proper 404(b) evidence establishing his opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident regarding drug trafficking.

Furthermore, after opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident are recognized as relevant issues, the next question is whether the other act evidence offered by the government is also relevant.

> Where the evidence sought to be introduced is an extrinsic offense, its relevance is a function of its similarity to the offense charged. In this regard, however, similarity means more than that the extrinsic and charged offense have a common characteristic. For the purposes of determining relevancy, "a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand." [Cite omitted].

Beechum, at 911. The question is not whether the other act is similar to the criminal act being tried. Rather, the question is whether the intent required in the other act is similar to the intent required in the criminal act being tried.

Indeed, trafficking in narcotics and defrauding the government to hide trafficking activities require the same intent. Thus, the requisite mental state for the current charge and defendant's prior bad acts are sufficiently similar.

4

Once the government establishes that the other acts evidence is relevant, that is, that the other acts evidence is probative of a disputed issue, the next step is to show that the proffered other acts were, in fact, committed. The "task for the trial judge is to determine whether there is sufficient evidence for the jury to find that the defendant in fact committed the extrinsic offense." Beechum, at 913.

> The judge need not be convinced beyond a reasonable doubt that the defendant committed the extrinsic offense, nor need he require the Government to come forward with clear and convincing proof. [Footnote omitted]. The standard for the admissibility of extrinsic offense evidence is that of rule 104(b): "the preliminary fact can be decided by the judge against the proponent only where the jury could not reasonably find the preliminary fact to exist." [Cite omitted].

Beechum, at 913. As with the other aspects of the Beechum analysis, the Eleventh Circuit has adopted this easy burden of proof concerning the other acts. The second element of Simon deals with the government's responsibility to establish that the extrinsic act occurred and the standard of proof the government is required to meet. With regard to the standard of proof, Perez-Garcia states:

> We have held that the defendant's commission of the extrinsic offense need not be proven beyond a reasonable doubt or even by clear and convincing evidence. United States v. Astling, 733 F.2d 1446, 1457 (11th Cir. 1984). It is sufficient if the jury could reasonably find from the evidence that the defendant committed the offense.

Perez-Garcia, at slip opinion p. 3639. In United States v. Terebecki, 692 F.2d 1345 (11th Cir. 1982), the Court observed that the testimony of one witness concerning the extrinsic offense was sufficient to meet the Beechum standard of proof. Terebecki, at 1349.

5

In the instant case, the government will prove the other acts through officials of the Social Security Administration who will testify to Smith's records showing his failure to report any source of legitimate income. Clearly, such testimony will be sufficient to meet the Beechum, Terebecki and Perez-Garcia standard of proof of extrinsic acts.

Since the defendant's opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake are issues in this case, the government submits that the first step of the Beechum analysis and the first two steps of the Simon analysis are established. However:

> Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, . . . we turn to the second step of the analysis required by rule 404(b), whether the evidence satisfied rule 403.

Beechum, at 913.

The principal determination to be made in the second step in Beechum (which is the third step in Simon) is whether the probative value of the extrinsic evidence is substantially outweighed by any danger of unfair prejudice.

> Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation or inference. [Footnote omitted]. It is the incremental probity of the evidence that is to be balanced against its potential for undue prejudice . . . If the defendant's intent is not contested, then the incremental probative value of the extrinsic offense is inconsequential. . .

Beechum, at 914. If, on the other hand, intent is disputed, the probative value of extrinsic offenses involving the same intent element is very high. Id.

6

In this case, defendant's opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake are critical issues. As such, the probative value of defendant's fraud and unexplained wealth are very high.

In addition, another factor in evaluating probative value is, "the overall similarity of the extrinsic and charged offenses." Beechum, at 915. If there is little similarity other than intent, then the probative value may be low. For example, if a defendant is charged with stealing an automobile and the extrinsic offense offered is that he had, on another occasion, embezzled bank funds; then the probative value of the extrinsic offense is lower than if the extrinsic offense was also the theft of an automobile.

In this case, there is requisite similarity because Smith uses his fraudulent activities in conjunction with his drug trafficking activities. Cited below are cases that tend to support the admission of the proffered evidence.

In United States v. Smith, 308 F.3d 726 (7th Cir. 2002), the Seventh Circuit addressed evidence of unexplained wealth. According to the Court, ". . .evidence of an unexplained, lavish lifestyle is probative of the existence of income derived from a drug conspiracy." Furthermore, "Even if the evidence might also suggest to a jury something adverse about [the defendant's] character, this evidence is admissible; it is circumstantially admissible to support an inference that [the defendant] had income from drug trafficking." See id at 737.

In United States v. Carrera, 259 F.3d 818 (7th Cir. 2001), the United States offered evidence that the defendant, who was unemployed, was arrested with $928 dollars in his wallet. According to the Seventh Circuit, "evidence of unexplained wealth is admissible in drug cases as long as (1) the evidence presented creates an inference

7

that the defendant was involved in drug trafficking; (2) the unexplained wealth was acquired during the period in which the drug crime allegedly occurred; and (3) the government presents other evidence to support the charge, including evidence that the income was not obtained through legitimate means."

Finally, in United States v. Gray, 292 F. Supp 2d 71 (D.D.C 2003), the United States introduced evidence, through Rule 404(b), of drug money being laundering through a jewelry store. The district court admitted the evidence because it was "direct intrinsic evidence of [the defendant's] membership and participation in the charged conspiracies . . . ." Similar to Gray, Smith's Social Security fraud and corresponding unexplained wealth is intrinsic evidence of his drug trafficking activities.

A final measure of the probative value of the extrinsic evidence is the closeness in time of the other acts to the offenses charged. "[T]emporal remoteness deprecates the probity of the extrinsic offense." Beechum, at 915. Intent at the time of the charged offense is the issue for the jury. Here, the other bad acts have occurred simultaneous with the charged offense. In United States v. Salery, 830 F.Supp. 596 (M.D. Ala. 1993), the Court admitted extrinsic act evidence that occurred four years before the charged offense. Id. at 599. The District Court noted that "decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." United States v. Pollock, 926 F.2d 1044, 1048 (11th Cir.), cert. denied, 502 U.S. 985, 112 S.Ct. 593, 116 L.Ed.2d 617 (1991).

The government submits that each aspect of the Beechum test shows that the extrinsic evidence proffered by the government should be admitted. Furthermore, a

balancing of the probative value of the evidence shows that it is not substantially outweighed by Rule 403 considerations.

First, the extrinsic evidence, "is not of a heinous nature; it would hardly incite the jury to irrational decision by its force on human emotion." Beechum, at 917. Furthermore, the proffered evidence will not confuse the issues, mislead the jury, or waste time. The Court can and should instruct the jury as to the proper use of the evidence by the jury. Indeed, such limiting instructions have been approved and recommended by the Fifth Circuit, Beechum at 917, as well as the United States Supreme Court. Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

## CONCLUSION

On the basis of United States v. Simon, 839 F.2d 1461 (11th Cir.) cert. denied, 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988), and United States v. Beechum, 582 F.2d 898 (5th Cir. 1978), the government respectfully requests that the Court admit the above extrinsic act evidence at the trial of this case.

Respectfully submitted this 18th day of March, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7138 Fax
verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07CR256-MHT |
| | ) | |
| HOWARD JAMES SMITH | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Susan James.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7138 Fax
verne.speirs@usdoj.gov