IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * CRIMINAL NO. 3:07cr 256-MHT |
| | * |
| HOWARD JAMES SMITH, | * |
| | * |
| DEFENDANT. | * |

**NOTICE OF OBJECTION TO GOVERNMENT'S PROFFER
OF A NOTICE OF INTENT TO USE 404(b) EVIDENCE**

Comes now Howard James Smith, by and through undersigned counsel, and files this his formal objection to the Government's proffer of a notice of intent to use 404(b) evidence and, in support thereof, states the following:

1. On March 18, 2008, the defendant was served with the Government's notice to use at trial, 404(b) evidence. The Government relies on *United States v. Beechum*, 582, Fed. 2nd, 898 (5th Cir., 1978) in support of its motion.

2. Specifically, the Government notes that it intends to offer, at trial, evidence of Smith's unexplained wealth and "Social Security Fraud". The Government expects to present evidence that Smith lives in a $387,000 home in Montgomery, Alabama and that, according to the Social Security Administration, he has never reported, as required, any source of income from any legitimate job, any inheritance, any insurance proceeds, or winnings of any type. The Government contends that the proffered evidence is intended to establish an opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident regarding the drug trafficking activities for which he is charged. Further, the Government states specifically, "Smith's Social Security Fraud is essential to his intent, plan and preparation to obfuscate the true source of his unexplained wealth, drug trafficking".

3. In addition to this offer of proof, the Government has served on Smith notice that it intends to call Roy Bradford, a Social Security Administration employee, as an expert witness in

the trial of the case to delve into the Social Security matters, which the Government related in its 404(b) motion.

4. Smith opposes the introduction of 404(b) evidence, as it is not proper 404(b) evidence nor is it being offered for the purposes stated in the Government's motion. Instead, the Government plans to offer evidence of an uncharged, alleged other crime for purposes prohibited under 404(b). The Government wants to show that Smith is a person of bad character and that he has committed another federal crime that is uncharged.

5. Smith has been on Social Security Disability for paranoid schizophrenia for many years. His wife is also on Social Security Disability. There are numerous reasons that Smith would have or could have failed to report to the Social Security Administration insurance proceeds and inheritance. The Government has no proof, nor have they offered any, that Smith has been advised by the Social Security Administration, or if advised, understood his responsibilities in reporting his inheritance or insurance proceeds.

6. If the Government is successful in offering any evidence relating to the size and value of Smith's house, which the defendant would contend is not relevant, there would be some evidence that Smith inherited money and had insurance proceeds from a fire that completely damaged his former residence. The Government's effort to inject Smith's "unexplained wealth" into this trial is only a red herring attempt to take the jury's attention from the real issue, and that is that the Government has a stale case upon which it failed to act for two years involving a paid informant of very questionable character. The Government's evidence, which is an audio tape of an alleged drug transaction, is of poor quality and is suspicious. The Government's refusal to disclose the name of this informant until forced to do so by undersigned counsel, based on *United States v. Roviaro,* 353 U.S. 53, 59060, 77 S.Ct. 623, 627, 1 L.Ed.2d 639, 645 (1957), is an indication of the weakness of the Government's case.

7. There is nothing about the alleged Social Security discrepancies and/or, as the Government calls it, "Social Security Fraud" (arguendo) that is relevant to the issues before the Court. Further, in Beechum, it was held that for 404(b) evidence to be admissible, it must, in

essence, be a fingerprint crime of the crime which would be charged. There is no correlation between Social Security Fraud and Drug Trafficking.

    8. In fact, the Government's attempt to offer evidence of Social Security Fraud to show opportunity, motive, and intent to commit a drug trafficking crime is improper. The drug crime has no correlation to failure to report inheritance and/or insurance proceeds.

    9. The Government's attempt to offer 404(b) evidence under this scenario makes clear a misunderstanding of Beechum. The Government goes further to say, "The United States expects the defendant to argue that he has never trafficked in, or possessed, any controlled substances. Indeed the United States expects the defendant to argue that he has been mistakenly accused. Consequently, the defendant's Social Security Fraud and unexplained wealth is proper 404(b) evidence, establishing his opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident regarding drug trafficking". Smith has documented evidence which is being provided to the Government as reciprocal discovery that clearly indicates that his residence was built with legitimate funds and not drug proceeds.

    10. The undersigned, simultaneous to the filing of this motion, is filing a motion in limine to prevent the Government from making any reference to Smith's house being built with drug money given the documentary evidence suggesting otherwise. The Government's attempt to do so would simply be done to try to inflame the jury that a poorly educated, disabled individual would be incapable of having a residence of significant value without doing something illegal. Smith's proof otherwise makes the injection of this evidence into this trial far more prejudicial than probative and it would only be done to confuse the jury and bias the jury against this African-American man of modest means.

    11. Further, there is no evidence of Social Security Fraud nor has the defendant been charged with the same.

    12. Wherefore, it is respectfully requested that the Court disallow the Government from using the proffered 404(b) evidence. Again, it does not meet the elements of 404(b) and would simply be offered to show bad character of the defendant.

Respectfully submitted,

> s/Susan G. James
> SUSAN G. JAMES
> Attorney at Law
> 600 South McDonough Street
> Montgomery, Alabama 36104
> Phone: (334) 269-3330
> Fax: (334) 834-0353
> E-mail: sgjamesandassoc@aol.com
> Bar No: ASB7956J64S

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Verne Speirs
Assistant United States Attorney
P.O. Box 197
Montgomery, AL 36101

Respectfully submitted,

> s/Susan G. James
> SUSAN G. JAMES
> Attorney at Law
> 600 South McDonough Street
> Montgomery, Alabama 36104
> Phone: (334) 269-3330
> Fax: (334) 834-0353
> E-mail: sgjamesandassoc@aol.com
> Bar No: ASB-7956-J64S