IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr256-MHT |
| HOWARD JAMES SMITH | ) | |

OPINION AND ORDER

This cause is before the court on the government's written motion to continue trial and defendant Howard James Smith's oral motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for April 9, 2008, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(8)(B)(iv).

The court concludes that, for a number of independent reasons in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Smith's in a speedy trial.  First, because, on

March 14, 2008, a superseding indictment alleging four additional charges and naming two additional co-defendants to this case was returned against Smith, a continuance is necessary if all defendants are to be tried together.  Second, because Smith has not consented to the waiver of the requirement that "trial shall not commence less than thirty days from the date on which the defendant first appears through counsel," 18 U.S.C. § 3161(c)(2), Smith cannot be tried on the superseding indictment on April 9.  Third, both the government and Smith need additional time to investigate and prepare for trial on the superseding indictment.  Finally, the government needs time to develop the expert testimony to be used at trial.

    Accordingly, it is ORDERED as follows:

    (1) The government's written motion for continuance (doc. no. 64) and defendant Howard James Smith's oral motion for continuance, made in open court on April 2, 2008, are granted.

(2) The jury selection and trial, now set for April 9, 2008, are reset for October 14, 2008, at 10:00 a.m., in the G.W. Andrews Federal Building & U.S. Courthouse, 701 Avenue A, Opelika, Alabama.

DONE, this the 2nd day of April, 2008.

                                   /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**