IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:07cr256-MHT |
| HOWARD JAMES SMITH | ) | (WO) |

OPINION AND ORDER

This cause is now before the court on the question of whether defendant Howard James Smith has the mental capacity to stand trial, that is, whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  See 18 U.S.C. § 4241(a).  Based on all the evidence, including that presented at the hearing held on April 2, 2008, the court concludes that Smith has the mental capacity to stand trial.

Smith received psychological evaluations on February 26 and March 26, 2008, in the offices of Kirkland, King & Renfro, Clinical & Forensic Psychologists, P.C. in Montgomery, Alabama, by Guy J. Renfro, Ph.D., a licensed psychologist.  See 18 U.S.C. § 4241(b).  Dr. Renfro's March 8 report on Smith's competency to stand trial, after the first psychological evaluation of Smith, was inconclusive.  It stated in relevant part:

> "Mr. Smith's overall presentation on the Competency to Stand Trial Assessment Instrument (CAI) implies severe impairment in his basic understanding of the charge against him and his ability to participate in a reasonable and understanding way in the legal process. However, he displayed enough inconsistencies and atypical responses to suggest that he was most likely malingering both mental retardation and some form of atypical psychotic process in an effort to minimize his personal responsibility and to use his 'psychological impairment' as a mitigating circumstances in the pending legal proceedings."

Psychological Evaluation submitted by Dr. Guy J. Renfro, Ph.D., dated March 8, 2008, at 7-8.  However, Dr.

Renfro's March 31 report on Smith, after the second psychological evaluation of Smith, conclusively determined that Smith was competent to stand trial. It stated in relevant part:

> "Howard Smith's performance on the CAI indicated a good understanding and awareness of the charges against him and a rational understanding of the legal process he will participate in. He was not displaying or claiming any active symptoms of psychosis or other significant psychological disturbance at this time. It is this examiner's opinion that Howard Smith is capable of assuming the role of a defendant in a criminal trial at this time."

Psychological Evaluation submitted by Dr. Guy J. Renfro, Ph.D., dated March 31, 2008, at 5-6.

Furthermore, defense counsel represented at the April 2 hearing that she believes that Smith is competent to stand trial and assist in his defense, an opinion also noted in Dr. Renfro's March 8 report that concludes:

> "[S]tatements made by Mr. Smith's defense attorney indicate that she has not experienced such problems and does feel that he is capable of understanding the charges against him and

3

> participating in a rational and understanding way to prepare an adequate defense in this case."

Psychological Evaluation submitted by Dr. Guy J. Renfro, Ph.D., dated March 8, 2008, at 8-9.

Based upon the psychological evaluations and pursuant to 18 U.S.C. § 4241(a), the court concludes that Smith is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is ORDERED that defendant Howard James Smith is declared mentally competent to stand trial in this cause.

DONE, this the 9th day of April, 2008.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE