IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07cr256-MHT |
| | ) | |
| HOWARD JAMES SMITH | ) | |

BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO LIMIT EVIDENCE OF LUXURY CAR

Comes now the United States of America, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and submits this brief in support of evidence

establishing Howard Smith's unexplained wealth, specifically a $45,000.00 luxury vehicle. As

grounds, the United States sets forth the facts and law as follows:

FACTS

Howard James Smith was indicted on October 22, 2007, by a federal Grand Jury sitting in

the Middle District of Alabama. Smith was charged with a single violation of Title 21, United

States Code, Section 841, possession with intent to distribute controlled substances. Smith was

arraigned on February 2, 2008. On February 12, 2008, Smith was detained pending trial by

United States Magistrate Judge Terry F. Moorer. During this detention hearing, the United States

learned that Smith has been receiving Title 16 Social Security benefits for alleged paranoid

schizophrenia and mild retardation.[1] Due to Smith's alleged medical condition, he was later

---

[1] Both Howard Smith and his wife, Jennifer Smith, receive Title 16 Social Security
benefits. Jennifer Smith allegedly suffers from "affective mood disorder." According to the
Social Security Administration, Title 16 benefits are similar to welfare benefits and impose a
requirement that the recipient report any income to the Social Security Administration. The
Smith family receives approximately $956.00 a month in total disability benefits.

released and placed on home confinement.  On March 14, 2008, a federal Grand Jury sitting in

the Middle District of Alabama returned a five count indictment charging Howard Smith and two

co-defendants with conspiracy to distribute controlled substances and other violations of federal

law.

During the course of its investigation, the United States discovered that Howard Smith

and his wife, Jennifer Smith, have been receiving Social Security benefits since the 1990s.  Prior

to the Superceding Indictment filed in this case, the Smiths never reported, as required, any

income from any source.[2]  Further investigation revealed that the Smiths currently live in a home

with an assessed value of $387,400.00 in Waugh, Alabama.  In addition, the United States has

discovered that Jennifer Smith purchased a $45,416.10 Mercedes E500W on September 21,

2004.  According to the documentation from Eagle Export Company, Jennifer Smith deposited

$6,000.00 cash, traded in a $17,000.00 vehicle, and financed $22,416.10 over 70 months at

$320.23 per month.

Simply stated, Howard Smith is charged with conspiracy to distribute controlled

substances.  Prior to the return of the Superceding Indictment, neither Howard or Jennifer Smith

ever reported any income to the Social Security Administration.  Currently, there is no evidence

that either Howard or Jennifer Smith have ever been gainfully employed.  Therefore, the Smiths

$387,400.00 home and $45,000.00 luxury vehicle raise a legitimate inference of illicit assets.

Currently, Smith objects to the government's intention to offer evidence of the

$45,000.00 Mercedes.  Smith, however, fails to cite any law supporting his Motion in Limine.

---

[2]  The Superceding Indictment was returned on March 14, 2008.  After the return of the
Superceding Indictment, Smith disclosed to the Social Security Administration that he had indeed
received insurance proceeds.

2

For the following reasons, Howard Smith's objections are due to be overruled.

ANALYSIS

I.    RELEVANT EVIDENCE

Howard Smith's motion seeks to exclude evidence of the Mercedes because "Ms. [Jennifer] Smith has not been charged with a crime and anything that she may have done while married to Mr. Smith is *irrelevant* for the purpose of the trial of Howard Smith."  On the contrary, Howard Smith fails to understand the scope of relevant evidence.

Federal Rule of Evidence 401 defines relevant evidence as having **"any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."**  See United States v. Matthews, 431 F.3d 1296, 1309 (11th Cir. 2005).  Moreover, the fact to which the evidence is directed need not be in dispute.  In the case at bar, the "fact of consequence" is Howard Smith's drug trafficking and related evidence of unexplained wealth.  Evidence of Jennifer Smith's purchase of a $45,000.00 Mercedes (concomitant with her lack of any source of income) is highly probative of Howard Smith's drug trafficking activities.

On March 20, 2008, the United States received evidence documenting monies Smith has received since 2000.  These funds total $151,300.96.  According to Howard Smith, these funds were spent building his $387,400.00 home.  However, none of Howard Smith's evidence accounts for a $45,000.00 Mercedes.[3]  According to the Social Security Administration, both Howard and Jennifer Smith receive a total of $956.00 per moth in Title 16 Social Security

---

[3]The United States discovered evidence of the Mercedes independent of any documents provided by Smith.  The United States has submitted a picture of a Mercedes E500W as Exhibit A.  Exhibit A is not Jennifer Smith's vehicle, but depicts the same model year and type.

benefits for their alleged disabilities.  According to the Eagle Export Bill of Sale and Vehicle

Invoice dated September 21, 2004, Jennifer Smith financed $22,416.10 over 70 months at

$320.00 per month.[4]  Simply stated, Jennifer Smith's Mercedes accounts for 33.4% of the total

monthly Social Security benefits paid to the Smith family.  In fact, after paying $320.00 per

month for the Mercedes, the Smith family is left with $636.00 for all other monthly living

expenses.  Despite Howard Smith's objection, this evidence is highly relevant because it supports

a strong inference of illicit activity.

## II.    UNEXPLAINED WEALTH

Evidence of unexplained wealth can be highly probative if the wealth creates a reasonable

inference of the defendant's involvement in a drug conspiracy or drug trafficking.  *E.g.* United

States v. Patterson, 819 F.2d 1495, 1501 (9th Cir. 1991); United States v. Grandison, 783 F.2d

1152, 1156 (4th Cir. 1986).  Importantly, the Eleventh Circuit has approved evidence of

unexplained wealth in cases similar to the one at bar.  For example, in United States v. Stubbs,

944 F.2d 828 (11th Cir. 1991), the government offered evidence that the defendant was

unemployed and earned money selling marijuana.  See Stubbs at 835-836.  The defense objected

under Rule 404(b).  The trial court overruled the objection finding testimony of defendant's

unexplained wealth as independently relevant to the issue of defendant's intent to distribute the

narcotics.  See id. at 836.  The Eleventh Circuit held that the trial judge was well within his

discretion in admitting the challenged testimony.  See id.

Likewise, in United States v. Terzado-Madruga, 897 F.2d 1099 (11th Cir. 1990), the

government, in a drug case, elicited evidence that the defendant had a large gold bracelet, thick

---

[4]See Exhibit B, Vehicle Invoice, Bill of Sale and various documents.

gold chains, several rings, a luxury car, and claimed to be worth two or three million dollars.  See Terzado-Madruga at 1120.  On appeal, the Eleventh Circuit acknowledged that the presence of unexplained wealth can be relevant in drug cases.  However, because the government failed to show the absence of legitimate sources of income, the probative value was minimal.  See Id.  Nevertheless, the Eleventh Circuit noted that if the government had shown "that appellant's expenditures exceeded his reported earnings by introducing into evidence his tax returns for the years covered by the indictment, [the government would then have created] a permissible inference that such wealth was derived from illicit activities."  See id. at 1120.

Finally, in United States v. Carrera, 295 F.3d 818 (7th Cir. 2001), the government admitted evidence that the defendant was arrested with $928 in cash and receipts for purchases totaling approximately $2500.  See Carrera at 828.  Defendant objected that the evidence was irrelevant and confusing.  On appeal, the 7th Circuit upheld the evidence noting that "expensive trips, gambling, and other instances of free spending and high living may be pertinent to crimes involving a motive of enrichment."  See Carrera at 829 citing United States v. Kwitek, 467 F.2d 1222, 1225 (7th Cir. 1972).  Furthermore, according to the 7th Circuit, "evidence of unexplained wealth is admissible in drug cases as long as: (1) the evidence presented creates an inference that the defendant was involved in drug trafficking; (2) the unexplained wealth was acquired during the period in which the drug crime allegedly occurred and; (3) the government presents other evidence to support the charge including evidence that the income was not obtained through legitimate means."  See Carrera at 829 citing United States v. Penny, 60 F.3d 1257, 1263 (7th Cir. 1995).

As previously discussed, Jennifer Smith's Mercedes accounts for 33.4% of the total income received by the Smith family.  In fact, after paying for the Mercedes, the Smiths are left

5

with approximately $636.00 per month for expenses associated with a $387,400.00 home.

Applying established law to these facts, Howard Smith's objection to evidence of the Mercedes is due to be overruled. First, the evidence creates a strong inference that Howard Smith was involved in drug trafficking because "expensive trips, gambling, and other instances of free spending and high living may be pertinent in crimes involving a motive of enrichment." See United States v. Kwitek, 467 F.2d 1222, 1225 (7th Cir. 1972). Second, although Jennifer Smith bought the Mercedes in September 2004, her payment schedule for the vehicle extends well into the heart of the conspiracy - October 2005 through January 2007. Finally, the United States can prove that the Smith family receives only $956.00 per month in legitimate income.[5] After satisfying these three criteria, the United States has created a permissible inference that the home and car were financed and maintained via illicit activity.

## III.   OTHER CRIMES EVIDENCE

Evidence of criminal activity other than the offense charged is not extrinsic evidence if it is inextricably intertwined with the evidence of the charged offense. See United States v. Collins, 779 F.2d 1520 (11th Cir. 1986); United States v. Foster, 889 F.2d 1049 (11th Cir. 1989). Furthermore, Rule 404(b) does not apply where the evidence concerns the context, motive, and set-up of the crime and is linked in time and circumstances with the charged crime or is necessary to complete the story of the crime to the jury. United States v. Chandler, 996 F.2d 1073 (11th Cir. 1993); United States v. Williford, 764 F.2d 1493 (11th Cir. 1985).

---

[5]In response to the government's Proffer and Notice of Intent to Use 404(b) Evidence, Smith provided 3 checks totaling $151,300.96. These funds were only reported to the Social Security Administration after the superceding indictment was returned. Smith also provided approximately 50 receipts for various building supplies totaling approximately $103,572.81 for a house with an assessed value of $387,400.00. Smith apparently contends that he spent the entire $151,300.96 on building his home.

In the instant case, evidence of Smith's unexplained assets and disability benefits are inextricably intertwined with evidence of his drug trafficking.  Indeed, the government can prove, via the Social Security Administration, Howard Smith's failure to report any legitimate income; yet, he owns a $387,400.00 home and his wife drives a luxury car.  According to the law of this Circuit, such evidence creates a permissible inference of illicit activity.  Based upon the law of this Circuit, the government should be able to present this evidence without invoking Rule 404(b).  In the alternative, the government incorporates by reference its Proffer of and Notice of Intent to Use 404(b) Evidence filed with this Honorable Court on March 18, 2008.

In conclusion, Smith alleges he is a victim of mistaken identity and has never trafficked in narcotics.  He and his wife have been receiving disability benefits since the 1990s and they only reported income to the Social Security Administration post the superceding indictment.  Despite their alleged disabilities, they have maintained a lavish lifestyle.  Furthermore, any legitimate monies are dwarfed by Smith's remaining expenses.  According to established law, once the government has established expenses that exceed legitimate income (proximate to the time of the charged offense), a permissible inference of illicit activity has been established.  Therefore, Smith's objections are due to be overruled and the government's evidence should be admitted.

Respectfully submitted this the 18th day of April, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07cr256-MHT |
| | ) | |
| HOWARD JAMES SMITH | ) | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to Susan

James, Esq. and Glennon F. Threatt, Jr., Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
verne.speirs@usdoj.gov

8



VEHICLE INVOICE
BILL OF SALE

**EAGLE EXPORT CO., INC.**
**685 N. E. BLVD.**
**MONTGOMERY, AL 36117**
**334 277 0060**

2308

SOLD TO:  **JENNIFER SMITH**
ADDRESS:  **319-SANDUSKY RD**
**MONTGOMERY, AL 36117**

DATE:  **09/21/2004**

SALESMAN:  **SALAMEH**

| MAKE | MODEL | NEW USED | COLOR: BLUE    BODY: 4DR  CYL:  8    VIN | YEAR | | |
|------|-------|----------|------|------|---|---|
| MERZ | E500W | USED | WDBUF70J73A085319 | 2003 | PRICE OF VEHICLE | 44500.00 |

| | | |
|---|---|---|
| PRICE OF VEHICLE | | 44500.00 |
| DISCOUNT | | |
| SALES TAX STATE | 0.02000 | 551.00 |
| COUNTY | 0.00333 | 91.74 |
| CITY | 0.00750 | 206.62 |
| | 0.00000 | |
| TOTAL SALES TAX | | 849.36 |
| CLERICAL FEE | | 49.95 |
| TITLE FEE | | 16.50 |
| TOTAL CASH PRICE | | 45415.81 |
| WARRANTY | | N/A |
| | | N/A |
| FINANCING | | N/A |
| INSURANCE | | N/A |
| TOTAL TIME PRICE | | 45415.81 |
| SETTLEMENT: | | |
| DEPOSIT | | |
| CASH ON DELIVERY | | 6000.00 |
| TRADE-IN | 17000.00 | |
| LESS LIEN | N/A | 17000.00 |
| PAYMENTS 70 @ 320.23 | | 22416.10 |
| MONTHS /WEEKS    DOLLARS /MONTH | | |
| TOTAL | | 45416.10 |

**PENALTY OF TEN DOLLARS ($10) DUE IF VEHICLE IS NOT REGISTERED IN THE NAME OF THE NEW OWNER WITHIN 10 CALENDAR DAYS.**

Current Tag Number_____

Current Decal Number_____  _____  _____

"The information you see on the window form for this vehicle is part of this contract.  Information on the window form overrides any contrary provisions in the contract of sale."

**LIENHOLDER: EAGLE EXPORT CO. INC.**
**AMOUNT TO BE FINANCED: 22415.81**

VEHICLE TRADED

| YEAR | MAKE | MODEL | VIN |
|------|------|-------|-----|
| | | | |

COLOR:          CYL:          BODY:

It is expressly understood and agreed that the seller reserves and retains all rights, title and interest in and to vehicle described herein until full, complete and final payment has been made and received by the seller.

The undersigned acknowledges the following:

...hereby certify that I am over 19 years of age, and said motor vehicle was demonstrated to me to my entire satisfacti...
...e received, conditions of above sale are hereby understood and accepted by me, and copy hereof received.

BUYER'S SIGNATURE: _Jennifer Smith_
BUYER'S SIGNATURE: _____
AUTHORIZED REPRESENTATIVE: _____



GOVERNMENT EXHIBIT

CASE NO.

EXHIBIT NO.  B

## DISCLOSURE FORM
## ODOMETER MILEAGE STATEMENT

(Federal Requirement require you to state the odometer mileage upon transfer of ownership. An inaccurate or untruthful statement may make you liable for damages to your transferee, pursuant to sections 409, 412 of the Motor Vehicle Information and Cost Savings Act of 1972 (Pub. L. 92-513), as amended by Public Law 94-364).)

Be it known that the odometer mileage on the vehicle sold now reads _____ miles, and on the vehicle listed in new reads _____ miles.

**2 6 1 2**

### CHECK ONE BOX ONLY

[1] I hereby certify that to the best of my knowledge the odometer reading as stated reflects the actual mileage of the vehicle described here.

[2] I hereby certify that to the best of my knowledge the odometer reading as stated reflects the amount of mileage in excess of designed mechanical odometer limit of 99,999 kilometers, in the vehicle described here.

[3] I hereby certify that to the best of my knowledge the odometer reading as stated is not the actual mileage of the vehicle described here and should not be relied upon.

### CHECK ONE BOX ONLY

[1] I hereby certify that the odometer of said vehicle was not altered, set back or disconnected while in my possession, and I have no knowledge of anyone else doing so.

[2] I hereby certify that the odometer was altered for repair or replacement purposes while in my possession, and that the mileage registered on the repaired or replacement odometer was identical to that before such service.

[3] I hereby certify that the repaired or replacement odometer was incapable of registering the same mileage, that it was reset to zero, and that the mileage on the original odometer or the odometer before repair was ____ miles.

[unit total] _____ Miles

[unit trade-in] _____

Buyer's
Signature  X _____
(hereby Statement)

Seller's
Signature _____

### DISCLAIMER OF WARRANTY

Unless and except as expressly provided by separate instrument in writing, the seller, Eagle Export Co, Inc. disclaims all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose, and Eagle Export Co. Inc. neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of the vehicle.

**BUYER**

_____
SIGNATURE OF BUYER

**SELLER**

_____
SIGNATURE OF SELLER

---

Eagle Export Co., Inc.
685 N.E. Blvd. • Montgomery, AL 36117
(334) 277-0060 • FAX (334) 279-7060

Purchaser: **Jennifer Smith**          Salesman: _____

Date: **9-18-04**

Address: **313 Sandusky**   City & State: **Montgomery AL**   Zip: **36117**   Phone No. **721-7225**

Enter my   [ ] New   [x] Used          Model: **E5sport**   Body: **4DR**   Color: **blue**

order for   Yr. **03**   Make: **Nissa**   Tag No. _____   Stock No. _____

Serial No. **WDBUE70T53A063315**

|  |  |
|---|---|
| SALES PRICE | $ 4,600.00 |
| STATE TAX | $ |
| CITY TAX | $ 1646.? |
| COUNTY TAX | $ |
| TITLE FEE | $ 16.50 |
| DOC. FEE | $ 49.95 |
| TOTAL CASH PRICE | $ |

Used Unit - Yr. _____ Make _____ Model _____ Stock No. _____

Serial No. _____
License _____
Tag No. _____
Less Balance Due To _____      Address _____

ALLOWANCE $ _____
AMOUNT $ _____
NET TRADE EQUITY _____

TOTAL DOWN PAYMENT $ _____
BALANCE DUE $ **4771325**

I warrant the title to said trade-in automobile to be in me, and that same is free from encumbrances, and all debts, that I have a good right to sell and deliver the above automobile, and that title and possession thereto I will warrant against the claims of all parties whatsoever, except as above specified.

_____   As is
Pec Jane   Wawez 47



# STATE OF SOUTH CAROLINA
## CERTIFICATE OF TITLE
### OF A VEHICLE

| VEHICLE ID NUMBER | | YEAR | MAKE | MODEL | NEW/USED |
|---|---|---|---|---|---|
| WDBUF70J73A085319 | | 2003 | MERZ | E500W | NEW |

| BODY STYLE | DATE | ODOMETER | WEIGHT | TITLE NUMBER |
|---|---|---|---|---|
| 4S | 09/25/2002 | 54 | 3695 | 770480102164021 A |

VEHICLE BRAND(S)
**ACTUAL MILEAGE**

FULL NAME OF OWNER(S)          CUSTOMER NUMBER:   25509451
**SHERLOCK, ANN FRANCIS**
**107 HEATHERWOOD DR**
**NORTH AUGUSTA SC 298608355**

THE SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY HEREBY CERTIFIES THAT THE
PERSON HEREIN IS REGISTERED BY THIS DEPARTMENT AS THE LAWFUL OWNER OF THE
VEHICLE DESCRIBED SUBJECT TO THE LIENS, IF ANY, HEREIN SET FORTH.

B. BOYKIN ROSE, DIRECTOR          JIM HODGES, GOVERNOR
DEPT. OF PUBLIC SAFETY

KEEP IN A SAFE PLACE. ANY ALTERATION OR ERASURE VOIDS THIS TITLE

34912920

*Smith-*

**Eagle Export Co., Inc.**
685 N. E. Blvd.
Montgomery, Alabama 36117

## POWER OF ATTORNEY

Date_____

I hereby appoint_____
(Name)

of_____
(Address)

as my attorney-in-fact to apply for Certificate or duplicate Certificate of Title to, or receive Certificate of Title to, or transfer Title to (and/or) register or license: the Motor Vehicle described as:

| Make | Year Model | Body Style | Model |
| --- | --- | --- | --- |
|  |  |  |  |

| Manufacturer's I.D. No. (serial number) | License Number | State & Year |
| --- | --- | --- |
|  |  |  |

and for said purpose(s) to sign my Name and do all things necessary to this appointment.

_____
Signature of Owner

_____
Permanent Mail Address

Sworn to and subscribed before me on
Date above recited.

_____
Notary Public





**STATE OF SOUTH CAROLINA**
**CERTIFICATE OF TITLE**
OF A VEHICLE

| VEHICLE ID NUMBER | | YEAR | MAKE | MODEL | NEW/USED |
|---|---|---|---|---|---|
| WDBUF70J73A085319 | | 2003 | MERZ | E500W | NEW |

| BODY STYLE | DATE | ODOMETER | WEIGHT | TITLE NUMBER |
|---|---|---|---|---|
| 4S | 09/25/2002 | 54 | 3695 | 770480102164021 A |

VEHICLE BRAND(S)
ACTUAL MILEAGE

FULL NAME OF OWNER(S)        CUSTOMER NUMBER:  25509451
SHERLOCK, ANN FRANCIS
107 HEATHERWOOD DR
NORTH AUGUSTA SC 298608355

THE SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY HEREBY CERTIFIES THAT THE
PERSON HEREIN IS REGISTERED BY THIS DEPARTMENT AS THE LAWFUL OWNER OF THE
VEHICLE DESCRIBED SUBJECT TO THE LIENS, IF ANY, HEREIN SET FORTH.

B. BOYKIN ROSE, DIRECTOR        JIM HODGES, GOVERNOR
DEPT. OF PUBLIC SAFETY

KEEP IN A SAFE PLACE. ANY ALTERATION OR ERASURE VOIDS THIS TITLE.

34912920

AUG-30-2004 MON 11:50 PM

P. 002/002

## SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY

### ASSIGNMENT OF A VEHICLE

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
**"NOTICE: ANY ALTERATION OR ERASURE VOIDS THE ASSIGNMENT"**
ASSIGNMENT(S) MUST BE MADE IN DARK INK

The undersigned hereby certifies that the title to the vehicle described herein has been transferred on this _____ day of _____ **5/26/04** Yr. _____

Name **JIM HUDSON LEXUS-AUGUSTA, 3520 WASHINGTON RD, MARTINEZ, GA 30907** and is subject to the following lien.

Name of Lienholder **none**          Address          Date of Lien

| | |
|---|---|
| I certify to the best of my knowledge that the odometer reading is the ACTUAL mileage of the vehicle unless one of the following statements is checked:<br>**(STOP)** DO NOT check one of the following unless it applies.<br>**26227**<br>Odometer Reading 1. The mileage stated is in excess of its mechanical limits.<br>(NO TENTHS) 2. The odometer reading is not the ACTUAL mileage<br>WARNING: ODOMETER DISCREPANCY | Date of Sale **5/26/04**<br>Sale Price $<br>Less Trade-In $<br>Taxable Total $ |

I am aware of the above odometer certification made by the seller(s)
Signature(s) of Buyer(s)          Signature(s) of Seller(s) **Jim Hudson Lexus**
Hand Print Name of Buyer(s) **LEXUS-AUGUSTA/DIANNE SLEISTER**          Hand Print Name(s) of Seller(s) **ANN FRANCIS SHERLOCK**
Address

### ASSIGNMENT BY DEALER/WHOLESALER/AUCTION

The undersigned hereby certifies that the title to the vehicle described herein has been transferred on this **28** day of **July** Yr. **04** to:

Name **Amazing Cars Inc.**          Street          City **Snellville Ga** State          **30078** Zip Code and is subject to the following lien.

Name of Lienholder          Address          Date of Lien

| | |
|---|---|
| I certify to the best of my knowledge that the odometer reading is the ACTUAL mileage of the vehicle unless one of the following statements is checked:<br>**(STOP)** DO NOT check one of the following unless it applies.<br>**26567**<br>Odometer Reading 1. The mileage stated is in excess of its mechanical limits.<br>(NO TENTHS) 2. The odometer reading is not the ACTUAL mileage<br>WARNING: ODOMETER DISCREPANCY | Dealer/Wholesaler/Auction's License Number<br>**#001101836327** |

I am aware of the above odometer certification made by the seller(s)
Signature(s) of Buyer(s)          Signature(s) of Seller(s) **Dianne Sleister**
Hand Print Name of Buyer(s)          Hand Print Name(s) of Seller(s) **JIM HUDSON LEXUS-AUGUSTA/DIANNE SLEISTER**
Address **3520 WASHINGTON RD, MARTINEZ, GA 30907**

### ASSIGNMENT BY DEALER/WHOLESALER/AUCTION

The undersigned hereby certifies that the title to the vehicle described herein has been transferred on this **28** day of **July** **2004** to:

Name **Eagle Effret Co**          Street          City **Montgomery** State          Zip Code and is subject to the following lien.

Name of Lienholder          Address          Date of Lien

| | |
|---|---|
| I certify to the best of my knowledge that the odometer reading is the ACTUAL mileage of the vehicle unless one of the following statements is checked:<br>**(STOP)** DO NOT check one of the following unless it applies.<br>**26567**<br>Odometer Reading 1. The mileage stated is in excess of its mechanical limits.<br>(NO TENTHS) 2. The odometer reading is not the ACTUAL mileage<br>WARNING: ODOMETER DISCREPANCY | Dealer/Wholesaler/Auction's License Number |

I am aware of the above odometer certification made by the seller(s)
Signature(s) of Buyer(s)          Signature(s) of Seller(s)
Hand Print Name of Buyer(s)          Hand Print Name(s) of Seller(s)
Address

### ASSIGNMENT BY DEALER/WHOLESALER/AUCTION

The undersigned hereby certifies that the title to the vehicle described herein has been transferred on this _____ day of _____ Yr. _____ to:

Name          Street          City          State          Zip Code and is subject to the following lien.

Name of Lienholder          Address          Date of Lien

| | |
|---|---|
| I certify to the best of my knowledge that the odometer reading is the ACTUAL mileage of the vehicle unless one of the following statements is checked:<br>**(STOP)** DO NOT check one of the following unless it applies.<br>Odometer Reading 1. The mileage stated is in excess of its mechanical limits.<br>(NO TENTHS) 2. The odometer reading is not the ACTUAL mileage<br>WARNING: ODOMETER DISCREPANCY | Dealer/Wholesaler/Auction's License Number |

I am aware of the above odometer certification made by the seller(s)
Signature(s) of Buyer(s)          Signature(s) of Seller(s)
Hand Print Name of Buyer(s)          Hand Print Name(s) of Seller(s)
Address

NO ADDITIONAL RE-ASSIGNMENT PERMITTED - LAST ASSIGNEE MUST RETITLE BEFORE DISPOSAL