IN THE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA       *

v.                             *   Case No. 3:07cr256-MHT

HOWARD JAMES SMITH.            *


**BRIEF IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE IN OPPOSITION TO ADMISSION OF DEFENDANT'S UNEXPLAINED WEALTH AND EXPERT TESTIMONY**

Comes now Susan G. James, counsel for defendant, in the above referenced case and submits this brief in support of the Motions in Limine (Doc. Nos. 47,50,51) as ordered by this Court on April 2, 2008 (Doc. No. 74), and states as follows:

**Expert Testimony**

The government has given counsel notice that it intends to utilize the services of Roy Bradford as a Social Security expert in this case. Counsel filed her initial response as a Motion to Exclude this testimony (Doc. 47) which was converted to a Motion In Limine.

Counsel urges the Court to prohibit any testimony by Bradford regarding social security fraud in this case.

**A. FRE 702**

Mr. Bradford's scientific, technical, or specialized knowledge would not assist the trier of fact in understanding any evidence nor determine any fact in issue involved in this case

In determining the admissibility of expert testimony under Rule 702, a district court considers whether (1) the expert is qualified to testify competently regarding the matter he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc).

While Mr. Bradford might be an expert in social security matters this case involves a drug conspiracy, gun possession and a related forfeiture count. No where in the indictment is there an allegation that Smith defrauded the Social Security Administration. Mr. Bradford's expertise in social security benefits is irrelevant to this case and will not assist the trier of fact in understanding the evidence or determining a fact in issue. Any testimony he might provide would only mislead and confuse the jury and would be a waste of the Court's time.

**Extrinsic Evidence (Docs. 50, 51) - Unexplained wealth/ Receipt of Social Security benefits**

    **B. FRE 403**

The central factor in assessing whether the probative value of Rule 404(b) evidence is substantially outweighed by its prejudicial impact is whether the evidence is essential to obtain a conviction or the government can do without such evidence. See United States v. Pollock, 926 F.2d 1044, 1049 (11th Cir. 1991). United States v. Myers, 550 F.2d 1036, 1045 (5th Cir. 1977).

An evaluation of the probative value of the evidence must also consider the similarity between the extrinsic and charged offenses and the time gap between the two offenses. United States v. Hernandez, 896 F.2d 513, 521 (11th Cir. 1990).

Any attempt to introduce the testimony of Bradford or any documents relating to social security fraud would only be to unfairly prejudice the defendant and their introduction into evidence would substantially outweigh any probative value. It also would confuse and possibly mislead the jury. The defendant has legitimate sources of income from which the home could have been paid for.

The very suggestion of social security fraud would have an undue tendency to suggest a decision by the jury on an improper basis. It may cause the jury to base

its decision on something other than the established propositions in the case.

In attempting to introduce testimonial or documentary evidence relating to social security fraud the probative value does not outweigh the unfair prejudice that would result against the defendant. The fact that Smith allegedly does not work and lives in a home allegedly beyond his means can be established by other less prejudicial means.

This Court in considering admission of evidence as to Smith's alleged unexplained wealth and/or receipt of social security benefits should in its FRE 403 analysis assess, if it allows the admission of this evidence ,the probable effectiveness or lack thereof of a limiting instruction on these matters. United States v. Meester, 762 F.2d 867, 875 (11th Cir. 1985).

**C. FRE 404(b)**

The extrinsic evidence proffered by the government should be excluded. A three part test is used in determining the admissibility of evidence under Rule 404(b). United States v. Calderon, 127 F.3d 1314, 1330 (11th Cir. 1997).

"First, the evidence must be relevant to an issue other than the defendant's character." Id. Second, the government must show, by a preponderance of the evidence, that the defendant actually committed the extrinsic act. United States v. Bowe, 221 F.3d 1183, 1192 (11th Cir. 2000). "Third, the probative value of the

4

evidence must not be substantially outweighed by unfair prejudice." Calderon, 127 F.3d at 1330. As for the third prong of the test, "[i]n measuring the probative value of the evidence, the judge should consider the overall similarity of the extrinsic and charged offenses." *United States v. Beechum,* 582 F.2d 898, 915 (5th Cir. 1978). "If they are dissimilar except for the common element of intent, the extrinsic offense may have little probative value to counterbalance the inherent prejudice of this type of evidence." Id.  There is nothing similar between social security fraud and a drug conspiracy in fact the intent necessary to commit the offenses are different and distinct.

Extrinsic evidence of other crimes, wrongs, or acts is inherently prejudicial to the defendant."One of the dangers inherent in the admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged but for the extrinsic offense." Additionally, extrinsic evidence "may lead [the jury] to conclude that, having committed a crime of the type charged, [the defendant] is likely to repeat it."  Either inference may be inimical to the long-standing rule that propensity to commit crimes should not be the basis of a conviction. United States v. Beechum, 582 F.2d 898, 910 (5th Cir. 1978) (en banc).

The proposed expert testimony of Mr. Bradford is not necessary to prove a drug conspiracy.  There is no unexplained wealth as Smith has legitimate sources of

income. The alleged extrinsic act is not similar to the crime alleged to have been committed. Any testimony and/or documented evidence is clearly irrelevant to the proof of a drug conspiracy and should not be admitted into evidence.

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES &ASSOCIATES
600 S. McDonough Street
Montgomery, Alabama 36104
Phone (334) 269-3330
Fax: (334) 263-4888
E-mail:sgjandassoc@aol.com
Bar No. ASB7956J64S

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2008 I electronically filed the foregoing with the Clerk of Court under the CM/ECF system which will send a copy of said document to the following:

Verne H. Speirs
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama 36101

>s/Susan G. James
>SUSAN G. JAMES &ASSOCIATES
>600 S. McDonough Street
>Montgomery, Alabama 36104
>Phone (334) 269-3330
>Fax: (334) 263-4888
>E-mail:sgjandassoc@aol.com
>Bar No. ASB7956J64S