## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CASE NO. 3:07- CR-256-MHT |
| | ) | |
| HOWARD JAMES SMITH, | ) | |
| Defendant. | ) | |

### MOTION TO DISMISS INDICTMENT FOR LACK OF SUBJECT MATTER JURISDICTION WHERE 18 U.S.C. § 3044, 3046, 3101-3115 & 3231 ("H.R. 3190, 80TH CONG. 2d SESS.") WAS ENACTED IN VIOLATION OF ARTICLE I, § 7, U. S. CONSTITUTION AND WHERE TITLE 21 U. S. C. HAS NEVER BEEN MADE POSITIVE LAW THEREBY BEING NOTHING MORE THAN A MERE RULE OF STRUCTURE ONLY ENFORCEABLE AGAINST FEDERAL EMPLOYEES, THE DISTRICT OF COLUMBIA AND THOSE EMPLOYED BY THE U. S. GOVERNMENT OCCUPYING THOSE TERRITORIES

COMES NOW Howard James Smith, Defendant, pursuant to Rule 12(b) (3) (B) Fed. R. Cr. P. and does hereby move this Court to dismiss indictment for Lack of Subject Matter Jurisdiction where 18 U.S.C. § 3044, 3046, 3101-3115 & 3231 (H.R. 3190, 80th Cong. 2d Sess.: c, 645, 62 Stat. 816-826) was enacted in violation of Article I, §7, U.S. Constitution and where Title 21 U.S.C. has never been made positive law. Thereby being nothing more than a mere rule of structure only enforceable against federal employees, the District of Columbia and those employed by or in buildings owned by the U.S. Government occupying those territories not deemed states of the Union having no force as law. Thereby divesting the United States District Courts of any subject matter jurisdiction to accept the complaint, to issue any arrest or search warrants to the F.B.I., D.E.A. or U.S. Marshals or to charge or indict defendant under the procedures outlined under 18 U.S.C. § 3044, 3046, 3103-3115 & 3231 (6-25-1948 rev.)

There are three great lights whereupon the Democracy of this Nation has been established. They are: "The Holy Bible;" "The Declaration of Independence;" and "The Constitution of the United States." Followed by the lesser lights of: the Federal Code; the State Constitutions; and the laws of the several States of the Union. Based upon the lateral of the Great Lights, federal courts are courts of limited jurisdiction deriving their power solely from Article III of the Constitution and from these legislative acts of Congress promulgated pursuant to the procedural mandates of Article I, § 7, cls. 2-3 of the Constitution. See <u>Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 701, 102 S Ct 2099, 72 L Ed 2d 492 (1982); <u>United States v Griffin</u>, 303 U.S. 226, 229, 58 S Ct 601, 82 L Ed 764 (l938) ("Since lack of jurisdiction of a federal court touching the subject matter of the litigation cannot be waived by the parties, we must upon this appeal examine the contention."); <u>United States v. Cotton</u>, 535 U.S. ,625, 630, 2002 LEXIS 3565 (2002) (the term "jurisdiction" means the courts' statutory or constitutional power to adjudicate the case. This concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject matter jurisdiction require correction regardless of whether the error was raised in [the] district court). Wherefore and hereby your defendant demonstrates the unconstitutionality of the court's statutory jurisdiction under 18 USC § 3231.

> THE FBI, DEA, U. S. MARSHALS, ATTORNEY GENERAL AND THE
> U.S. DISTRICT COURT HAVE NO LAWFUL AUTHORITY UNDER
> TITLE 18 OF THE U.S. CODE TO SEIZE, HOLD, CHARGE, INDICT OR
> TRY DEFENDANT WHERE PUBLIC LAW 80-772 (H.R. 3190, 80TH
> CONG. 2d SESS.) AND ALL STATUTES APPEARING THEREUNDER
> THEREAFTERWARDS, INCLUDING BUT NOT LIMITED TO 18 U. S. C.
> § 3044, 3046, 3101 - 3115 & 3231 ARE UNCONSTITUTIONAL ON THEIR

FACE AND VOID AB INITIO HAVING NO EFFECT AS LAW OF THE LAND.

The Congressional record on federal crimes and criminal procedure, which now appears as Public Law 80-772 under Title 18 of the U.S. Code, shows that Title 18 was introduced in the House of Representatives as H.R. 2200 in the 79TH Congress, but never passed the Senate and died in the womb of the 79th Congress, which adjourned sine die, without giving birth to H.R. 2200. (See 92 Cong. Rec. 9122, 9067 (July 16, 1948).

However, during the First Session of the 80th Congress, the House of Representatives took the DNA of "H.R. 2200" and attempted to clone it as "H.R. 3190," A Bill to Revise, Codify, and Enact into Positive Law, Title 18 of the United States Code, entitled 'Crimes and Criminal Procedure," which the House passed into its ovary, but was never fertilized by the Senate Committee on the Judiciary, during the First Session of the 80th Congress. (See, 93 Cong. Rec. 5048-5049 (May 12, 1947), 5121 (May 13, 1947). Which never formed into an embryo and H.R. 3190 died in the Congressional cloning lab, because the Senate did not vote on and pass the bill prior to the July 27, 1947 conditional intersessional adjournment of the First Session of the 80th Congress, which was a sine die adjournment. See, S. Con. Res. 33; 93 Cong. Rec. 10439, 10522 (July 25, 1947); and Kennedy V. Sampson, 511 F 2d 430, 444, n. 4 (D.C. Cir. 1974) ("The Senate and the House of Representatives [of the 80th Congress] adjourned on July 27, 1947, under a 'conditional final adjournment' resolution, H. Con. Res. 33; 93 Cong. Rec. 10400. Pursuant to the resolution, the two Houses were to stand in adjournment until January 2, 1948 unless recalled into session earlier by specified Senate and House leaders. In effect, the adjournment was a sine die adjournment, not an intrasession

adjournment. On November 17, 1947, Congress convened pursuant to a proclamation of President Truman and adjourned sine die on December 19, 1947. The President pocket vetoed 19 bills presented to him after the adjournment of July 27, 1947."). It is unambiguous that the adjournment was a sine die one because the President pocket vetoed 19 bills presented to him after the July 27, 1947 adjournment, which he could only do by Congress sine die adjournment, thereby preventing their return. Although Congress reconvened on November 17, 1947, and on December 19, 1947 Congress adjourned sine die without the Senate passing H.R. 3190, which included but was not limited to 18 USC § 3105-3114, 3621-3625, and 4001-4086 under its title.

"H.R. 3190" never became a fertilized egg and was washed out of the House ovaries during the menstruation cycle of the sine die adjournment of the First Session of the 80th Congress, and was never reintroduced again into the House during the Second Session of the 80th Congress in 1948. (See 94 Cong. Rec. 568-70 (1948). However, on June 14, 1948 the Senate resurrected "H.R. 3190" from the dead without the strong grip of the House (per. S. Rept. No. 1620), as though it had never died unfertilized in the Congressional womb during the sine die adjournment of the First Session in 1947, although it was never voted on and passed by the House during the second session of the 80th Congress. (See, 94 Cong. Rec. 8075, June 14, 1948).

Nonetheless, the Senate in violation of Art. I, §§ 5, cls. 4 and 7, cls.-2-3 of the U.S. Constitution proposed amendments to "H.R. 3190" on June 18, 1948 and returned it back to the House which allegedly agreed to the amended "H.R. 3190" according to an informer working for Senator Wiley (94 Cong. Rec. 8721-8722, June 18, 1948). Although there is no record of any Senate or House vote on "H.R. 3190" and "S. Rept. No. 1620"

during that June 1-19, 1948 2d session. (See 94 Cong. Rec. 8721-8722 and 8864-8865, June 18, 1948). See, again Exhibit-A, former House Clerk, Jeff Trandahl's June 28, 2000 letter admitting that the Title 18 (H.R. 3190 and S.R. 1620) were never voted on during the June 1-19, 1948 session of the 80th Congress.

The Congressional Record shows that the second session of the 80th Congress conditionally adjourned sine die on June 20, 1948 without "H.R. 3190" being signed by the House Speaker and the President pro tempore of the Senate. (See, H. Con. Res. 218 & 219, June 19, 1948). Again, President Truman pocket vetoed 14 bills (which included 18 USC §§ 3105-3114, 3621-3625 and 4001-4085 as part of "H.R. 3190") presented to him after Congress had adjourned sine die on June 20, 1948, thereby preventing the return of "H.R. 3190" and those other bills presented to President Truman after adjournment. See, 94 Cong. Rec. 9349 (June 19, 1948); and Kennedy v. Sampson, 511 F 2d @ 444, n. 5 (D.C. Cir 1974).

On June 23, 1948, after the final sine die adjournment of the second session of the 80th Congress, "H.R. 3190" was signed by the House Speaker and President Pro Tempore and then presented to President Truman to sign, as he did on June 25, 1948, 5 days after the sine die adjournment of the 80th Congress. (See, 94 Cong. Rec. 9354, 9365, 9367 and 94 Cong. Rec. D557 (June 19-25, 1948).

"H.R. 3190" was signed and presented to the President for his endorsement, while the 80th Congress was closed and not in open session after a full sine die

adjournment [1] of the last session of the 80th Congress. See, again, Kennedy, Id 511 F 2d

@ 444, n. 5, and the Pocket Veto Case, 279 US 655, 680-685 (1929).

The enrolled "H.R. 3190" bill as signed after the sine die adjournment of the 80th

Congress, as it shows on its altered face, that it was allegedly passed and signed in the

80th Congress, during the 1948 session, by the House on June 18, 1948. However, the

bill which placed Public Law 80-772 into the false pretense of law, was altered from the

engrossed bill (showing May 12, 1947 as its engrossment date during the 1st session of

the 80th Congress), using False Evidence Appearing Real (viz., F.E.A.R.) to make it look

as if "'H.R. 3190" passed both houses of Congress during the June 1, 3, 4, 7-12 and 14-19,

1948 final session of the 80th Congress, thus rendering it a scheme to defraud the Nation

by a Racketeering "Corrupt Organization" acting unconstitutionally, albeit in the name

of the United States. Being a forgery having no effect as law and is inoperative as if it

had never been passed. Although, it was never passed.

The 80th Congress in its "Corrupt Organization," violated the Presentment

Clause of Article I, § 7, cls. 2 of the U.S. Constitution, their Article VI, § 3 oath to support

the U.S. Constitution as the Supreme Law of the Land and the Separation of Powers

Doctrine, thereby rendering Public Law 80-772, and all statutes appearing thereunder

and thereafter, void ab initio, a nullity and unenforceable as a law of the United States

of America. Because the House and Senate did not both pass "H.R. 3190" during the

First Session of the 80th Congress which adjourned sine die twice without a vote from

---

[1] See again H. Con. Res. 219 (94 Cong. Rec. 9349) which was put in effect in violation of the presentment mandate of Art. I & 7 cls. 3, U.S. Const., because H. Con. Res. 219 was never presented to President Truman for his approval or disapproval.

both House and Senate in 1947, where the President pocket vetoed 19 bills when

Congress, by its adjournment, prevent their return. Secondly, their failure to vote on

and pass on ""H.R. 3190" in the House of Representatives during the Second Session of

the 80th Congress (in 1948) before it was amended and passed by the Senate. See 94

Cong. Rec. D556-557. Thirdly the Senate bill was an amended bill that was never voted

on by the House of Representatives during the June 1, 3, 4, 7-12, 1948 Second Session of

the 80th Congress which adjourned sine die on June 20, 1948 without being voted on

and passed by both houses. Fourthly, regardless of the unconstitutional authorization of

H. Con. Res. 219, the fraudulently enrolled "H.R. 3190" bill was signed by the House

Speaker, President Pro Tempore and presented to the United States President Truman

after Congress had adjourned sine die, during a closed session of the final adjournment

of the 80th Congress, thereby rendering the alleged enactment invalid on that ground

alone under Article I, § 7, cls. 2 "by their adjournment prevent[ed the] return [of H.R.

3190] in which case it shall not be a law. And finally, the forged bill as it was

fraudulently enrolled [2] in the Second Session of the 80th Congress as signed by

President Truman after he received it post sine die adjournment does not contain the

necessary enactment and resolution clauses mandated under 1 U.S.C. § 101 (1947ed), set

forth as follows: "The enacting clause of all Acts of Congress shall be in the following

form :

> 'Be it enacted by the Senate and House of Representatives of the United States of
> America in Congress assembled.'"

---

[2]  See National Archives, Record of engrossed and enrolled bills, Public Law 80-772
which "are not available to the public."

However, "H.R. 3190," viz., "Public Law 80-772" failed to comply with the mandates of 1 USC § 101 because it was not passed by both houses during any open session of Congress, was not enacted and resolved "in Congress assembled, and it was 'signed' allegedly into 'law' only after the sine die adjournment of the 80th Congress, 2d session on June 20, 1948. See again, <u>Kennedy</u>, 511 F 2d 430, 444 @ n. 5 and Cong. Rec. 9158, 9349, 9354. 9365, 9367). Whereby, the enactment clause is facially deficient as it was not done while Congress was assembled with both houses in open session and where the enrolled bill "H.R. 3190" and the engrossed bill "H.R. 3190" bear different faces of the deceased still born bill. See, 1 U.S.C.A. § 106 ("The enrolled bill is to be in the identical form as the engrossed bill."); <u>Field v Clark</u>, 143 U.S. 649, 36 L Ed 294, 12 S Ct 495 (1892) ("Every bill must pass both Houses of Congress and be presented to the President [before the session adjourns sine die] before it can become law."); and <u>Holch v. U.S.</u>, 212 F 2d 283, 284 (9th Cir 1954) ("a law which has not been duly enacted is not a law, and a person who does not comply with its provisions cannot be guilty of any crime. ").

Therefore Title 18 U.S.C. §§ 3044, 3046, 3101-3115 and 3231 et seq. (6-25-1948 rev.) was never lawfully voted into positive law, is unconstitutional on its face and is null and void ab initio. Thereby divesting the Attorney General, the F.B.I., the U.S. Marshal and the Federal Bureau of Prisons of any authority to seize, hold or transport your defendant and also divests this Court of any jurisdiction to issue any search or arrest warrants or to try any cases under any post-June 19, 1948 revisions or amendments to Title 18 of the U.S. Code.

Even under the previous version of Title 18, the Department of Justice still lacks the authority to seize, hold or transport defendant, because he was not seized, indicted or convicted pursuant to any offense outlined under 18 U.S.C. §§ 546 and 547 (1940ed) which stated: The crimes and offenses defined in this title shall be cognizable in the district courts of the United States, as prescribed in section 41 of Title 28." (Mar. 4, 1909, ch. 321, § 340, 35 stat. 1153, Mar. 3, 1911, ch. 231, § 291, 36 stat. 1167). Therefore, the Attorney General, F.B.I., U.S. Marshal and Federal Bureau of Prisons and this district court's jurisdiction to seize, hold, indict, try or transport your defendant is expressly limited to those crimes which begins and ends with the offenses defined in this [1940] title (which did not include any §§ 2, 922-982, 1951-1957, 3553, 3742, U.S.C.G. §§ lAl.1 or 21 use §§ 841-856 under or as part of its 1940 title), and not under those crimes appearing after the June 25, 1948 unconstitutional enactment of Title 18 of the U.S. Code. Wherefore your defendant does hereby boldly demand a hearing on the process at which the Congress used to justify the promulgation of "H.R. 3190" as Public Law 80-772 where its own Clerk of the House of Representatives has admitted in writing that Title 18 of the U.S. Code was not voted on during the 2d session on June 20, 1948. See Rule 1003 Fed. R. Evid. Admissibility of photocopies, Johns v U.S., 323 F 2d 421 (5th Cir. 1963), where afterwards declare Title 18 as allegedly revised on June 25, 1948 unconstitutional in violation of Art. I, § 7 of the U.S. Constitution and then "E I I U S N U E L C E B M" (viz., open all locks which bind him regardless of those precautions that have been taken to secure them) discharging your defendant from the crime effect by dismissing all counts of the indictment with prejudice based upon "H.R. 3190" being void ab initio, therefore nullum crimen, sine lege, nullum poena, sine lege. The fact that

the passage of time, the mere assumption of validity, or the failure of others to challenge the origin or the process relied upon to cause the law to be, even all of these taken together does not enact a statute. For there is no such thing as Grandfather Clausing an unconstitutional law. Brennan v. U.S. Postal Service, 439 U.S. 1345, 58 L Ed 2d 51, 98 S Ct 22 (1978); See also Brimer v. Rebman, 138 U.S. 78, 115 S Ct 213, 3 L Ed 862 (189l) (A statute enacted in violation of the U.S. Constitution is void regardless of its recitals and Bradley v. Fisher, 80 U.S. 335, 351-352 (1871) (no excuse from liability for the judge who has been placed on notice of the lack of subject matter jurisdiction and then fails to investigate the authority he relies on for it); also, U.S. v. Ex Parte Smith, 94 U.S. 455, 24 L Ed 165 (1877).

      WHEREFORE all the evidence presented in support of this motion must be taken as true, "if no genuine issue exists as to [the] authenticity" of the photocopies of those relevant portions of the National Archives and Congressional records (See, Myrie v. U.S., 332 F 2d 279 or Rules 1001-1005, F.R. Evid), thereby entitling your defendant to dismissal of all counts of the indictment. Because "there is no presumption in favor of the jurisdiction of the courts of the U.S.A." Ex Parte Smith, 94 U.S. 455 (l877). Where there is no jurisdiction, there's no crime, thereby rendering your defendant actually innocent of committing any crime against the United States of America, as crimes are expressly defined under Article I, § 8, cls. 6, 10, 15-18; Article III, § 3; Article IV, § 4; Amendments 13, 18 and 21 of the U.S. Constitution. Notwithstanding any of the above or before, even without Title 18, 21 U.S.C. §§ 841-859, et seq., exceeds Congress' authority under the commerce clause of art. 1, sec. 8, cls 3 and the necessity clause of art. 1. sec.8, cls 18 to make any such drug laws, because "the power to regulate does not

include the power to prohibit [the manufacture, sale, transportation, or possession of controlled substance within the United States and all territory subject to the jurisdiction thereof]: 'To regulate' is not synonymous [or interchangeable] with 'To prohibit, '" according to Ballentine's Law Dictionary 3d Ed. If Congress was authorized to prohibit the commerce of cocaine or hemp under Article I, § 8, cls. 3 Commerce Clause, then there would have not been any reason for creating the 18th Amendment to the U.S. Constitution "prohibit[ing]""the manufacture, sale, or transportation of intoxicating liquors within … the United States ..." or for the need of the 21st Amendment to the U.S. Constitution repealing the 18th Amendment. Thereby wholly divesting the United States of America of any authority to substitute Penal Code of state laws with federal criminal code, and therefore lack jurisdiction to enforce 21 U.S.C. §§ 841-859 against non-federal employees, non-government citizens or in or on properties not expressly owned by the United States. This has been clearly established in the Constitutional jurisprudence of this Land. See, e.g., Anderson v. Dunn, 19 U.S. 204 @ 213-215 (1821) ("unlimited powers and express provision are not pretended; the penal code of the common law is no part of the federal system ... the Constitution of the United States, (art. 1. sec. 8) when regulating the incidental powers of Congress authorizes it to make such law only as may be 'necessary' to effectuate the express powers. Necessity, then, is the criterion of incedent ...the impunity of the offense being the only possible reason of the necessity, if the offender may be adequately punished ... in the State Courts ..."[then the supposed necessity ceases]."). Where the sale, manufacture, possession, distribution ...etc., of a controlled substance, cocaine, hemp or, any substance other than "intoxicating liquor" was already punishable in the state courts wherein the state your defendant was seized,

there existed no federal necessity and therefore the federal government did not have

jurisdiction to seize, indict, try or convict your defendant even under federal necessity.

Notwithstanding the fact that. 18 U.S.C. §§ 5-10, 3001-3049, 3101-3115, 3285-3290,

3361-3367, 3433-3446, 4001-4166 and 4241-4285, et seq. (6-25-1948 rev), viz., Public Law

80-772 was promulgated and currently enforced in violation of Article I, § 7, cls. 2-3 of

our U.S. Constitution. Thereby mandating the dismissal of the indictment with

prejudice declaring Public Law 80-772 and 21 U.S.C. §§ 841-859 unconstitutional and

void ab initio. For those who swore an Article VI, § 3 oath to support and to obey our

U.S. Constitution while one at the same seeking to war against the Constitution is

deemed an act of treason against the United States. See, e.g., Cooper v. Aaron, 358 U. S.

1 @ 18 (1958) (For no … executive … [or] judicial officer can war against the

Constitution without violating his [oath] to support it"). Based upon the foregoing

arguments and Constitutional mandates presented herein, your defendant respectfully

prays for this court's order of dismissal under Rule 12(b) (3) (B), F.R.Cr.P., where the

indictment … fails to invoke the court's jurisdiction [and fails] to state an offense [of

necessity or against the United States of America]" which can be raised at any time

while the case is pending," as in the instant motion while this case is still pending.

Respectfully submitted,


/s/ Glennon F. Threatt
Glennon F. Threatt, Esq. (THR011)
Threatt & Blocton, LLC
2 North Twentieth Street, Ste. 920
Birmingham, Alabama 35203
(205) 251-8747
(205) 251-2676 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this Thursday, August 21, 2008, the above Motion was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties.


<u>/s/ Glennon F. Threatt</u>
GLENNON F. THREATT