IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 3:07-CR-256-MHT |
| | ) | |
| HOWARD JAMES SMITH | ) | |

<u>SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS INDICTMENT</u>

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully responds to defendant's <u>Motion to Dismiss Indictment</u>, and offers the following:

**Background**

1. On or about October 22, 2007, a Federal Grand Jury indicted the defendant in a one-count indictment, charging that on or about November 18, 2005, in Macon County, within the Middle District of Alabama, the defendant did knowingly and intentionally distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base or "crack cocaine", a Schedule II Controlled Substance, in violation of Title 21, USC, Section 841(a)(1)

2. On or about March 13, 2008, a Federal Grand Jury indicted the defendant in a five-count superseding indictment, charging that: (count 1) beginning in or about October 2005 and continuing up to approximately January 2007, the exact dates being unknown to the Grand Jury, in Montgomery County and elsewhere, within the Middle District of Alabama, the defendant did knowingly and intentionally conspire, combine and agree together and with others both known and unknown to the Grand Jury to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "powder cocaine", and 5 grams or more of a mixture or substance containing a

detectable amount of cocaine base, more commonly known as crack cocaine, both Schedule II Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846; (count 2) on or about October 26, 2005, in Macon County, within the Middle District of Alabama the defendant aided and abetted by Jermaine Corey Robinson, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute and possess with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base or "crack cocaine", a Schedule II Controlled Substance, all in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; (count 3) on or about November 18, 2005, in Macon County, within the Middle District of Alabama, the defendant did knowingly and intentionally distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base or "crack cocaine", a Schedule II Controlled Substance, in violation of Title 21, USC, Section 841(a)(1); (count 4) in or about January 2007, the exact date being unknown to the Grand Jury, in Montgomery County, Within the Middle District of Alabama, the defendant and Arthur Ray Smith did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride or "powder cocaine", a Schedule II Controlled Substance, in violation of Tittle 21, United States Code, Section 841(a)(1) and Title 18, United States Code Section 2; (count 5) in or about January 27, 20075, in Montgomery, Alabama, within the Middle District of Alabama, the defendant did knowingly use and carry, during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a Court of the United States, to-wit: conspiracy to possess and possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine

hydrochloride or "powder cocaine" as charged in Counts 1 and 4 of the indictment, in violation of Title 18, USC, Section 924(c)(1)(A)(ii).

    3.    On August 21, 2008, Smith filed a Motion to Dismiss based on his contention that: (1) the Court lacks subject matter jurisdiction because Title 18, United States Code, Sections 3044, 3046, 3101-3115, and 3231 were "enacted" in violation of the Constitution because "H.R. 3190" was never voted upon by the Senate during session of the 80th Congress, which adjourned sine die; and, (2) that because "H.R. 3190" is void, the Court has subject matter jurisdiction only of those crimes and offenses defined prior to or in 1940, as defined in Title 28, United States Code, Section 41, which did not include Title 21, Sections 841-856. In short, the defendant argues that Title 18 and Title 21 of the United States Code do not have an "enacting clause" which enacted then as valid laws of Congress, that they are not, therefore, valid laws and that as such, the Court lacks subject matter jurisdiction.

    4.    On or about August 22, the government filed its response to Smith's motion, relying on the fact that Smith was procedurally barred from filing said motion by local rule.[1] On September 2, 2008, the parties presented oral argument to the Court in support of their positions. The government requested, and received, permission from the Court to file a supplemental response to address the substantive claims of Smith's motion.

**Argument**

    5.    In *United States v. Laroche*, 170 App'x 124 (11th Cir. 2006) the Eleventh Circuit rejected an argument identical to that presented by the defendant. *United States v. Davis*, 2007 WL

---

[1]The government does not, by the filing of this supplemental response, waive its' argument as to procedural bar of the motion.

3

2317246 at n.2 (E.D.Tex. August 8, 2007). The Eleventh Circuit noted that there is absolutely no federal authority to support an argument that a lack of an enacting clause renders a statute invalid. *Id*. at n.2 (quoting from *Laroche*). The Court further notes that other courts have found similar attacks on Title 21 frivolous and cites to *Goldsby v. United States*, No.04-3340, 2005 WL 2572362 (6th Cir. October 12, 2005); and *Buford v. United States*, No. 3:05-CV-352, 2006 WL 3375375 at *3 (E.D. Tenn. Nov. 21, 2006). In short, courts who have considered the exact argument defendant now makes as to Title 18, Title 21, and the enactment clause of the United States Constitution, have rejected the argument, most specifically, the Eleventh Circuit has rejected the argument.

For the reasons stated above, the United States requests that this Honorable Court dismiss the defendant's Motion to Dismiss.

Respectfully submitted this the 4th day of September, 2008.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Susan R. Redmond
> SUSAN R. REDMOND
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, Alabama 36104
> 334.223.7280
> 334.223.7135 fax
> susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 3:07-CR-256-MHT |
| | ) | |
| HOWARD JAMES SMITH | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan G. James and Glennon F. Threatt.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
susan.redmond@usdoj.gov